**UNITED STATES of America,**
**Plaintiff-Respondent,**

v.

**Fitchure A. CHESTNUTT, Defendant-**
**Petitioner,**

**Civ. No. 681.**

United States District Court
E. D. North Carolina,
New Bern Division.

Aug. 5, 1966.

Robert H. Cowen, U. S. Atty., by Gerald L. Bass, Asst. U. S. Atty., Raleigh, N. C., for plaintiff-respondent.

Samuel S. Mitchell, Raleigh, N. C., Reginald L. Frazier, New Bern, N. C., for defendant-petitioner.

## ORDER

LARKINS, District Judge:

### STATEMENT OF THE CASE

This is the second petition which has come before this Court involving petitioner's conviction before a United States Commissioner for two misdemeanors committed on a military reservation. Petitioner insists, through counsel, that his present "Petition for Writ of Coram Nobis" has standing to be heard by this Court under the "All Writs Statute," Title 28 U.S.C.A. § 1651 (a).

Petitioner was tried and convicted for two misdemeanors, namely, trespassing on government property, and creating a nuisance, on August 17, 1965 by the United States Commissioner in Jacksonville, North Carolina, upon his consent to trial by the Commissioner, and his waiver of the assistance of counsel. Peti-

tioner was found guilty of both offenses and sentenced to sixty (60) days imprisonment, suspended upon payment of a fine of $150.00. He paid the fine and was released without being placed on probation or under any other form of restraint.

On August 23, 1965, petitioner filed a notice of appeal to the United States District Court for the Eastern District of North Carolina. This appeal was later dismissed, upon hearing, for two reasons:

"1. That the appellant's Notice of Appeal did not comply with Rule 4 of Procedures for Trials before United States Commissioners, * * *.

"2. That there were no errors of law apparent from the record * *."

On September 23, 1965, counsel for petitioner gave notice of appeal to the United States Court of Appeals for the Fourth Circuit. This appeal was dismissed on January 7, 1966 after petitioner's failure to prosecute the appeal, and counsel for the appellant were ordered to show cause on Monday, February 7, 1966, why disciplinary action should not be taken against them. The next step was the filing of a motion, by counsel, to vacate and set aside the sentence, pursuant to the provisions of Title 28 U.S.C.A. § 2255. This motion was filed on February 9, 1966, and after response by the government, it was dismissed by this Court without a hearing on April 21, 1966, for the reason that petitioner was unable to show he had standing to make the motion since petitioner was not in custody or under any form of restraint.

On that same day, April 21, 1966, petitioner attempted to file a motion in the cause—in Civil No. 676. He moved the Court to treat the heretofore filed petition (to vacate sentence under § 2255) as a petition for a writ of coram nobis. The Court, however, directed that it was a new proceeding, but would treat the

motion in the cause and the previously filed petition as a petition for a writ of coram nobis, and a new civil number 681 was assigned.

Petitioner prays that the Court correct an allegedly illegal sentence, and for " * * * an Order purging its Records of the Judgment of conviction against petitioner * * *." P. 2, Par. II(5). This latter request for relief being quoted by petitioner from his prior motion to vacate sentence, said motion being partially incorporated by reference into the instant petition.

CONCLUSIONS OF LAW

■ Petitioner would have this Court believe that his race is the sole cause of his present difficulties. At the same time, and in the same affidavit wherein he makes this allegation, it appears that he entered onto the property of the United States without authority.[1] Thus, his own documents reveal he committed at least one of the offenses of which he stands convicted, and the punishment imposed for both of the offenses charged was well within the limits provided for the commission of this offense alone. Title 18 U.S.C.A. § 1382 provides for the punishment of a trespasser on a military reservation by a fine of not more than $500. or imprisoned not more than six months, or both.

■■ From the face of the record, petitions, motions and files, it is clear that the punishment imposed by the United States Commissioner was well within the limits set by the statute, for the offenses obviously committed. No grounds, therefore, appear upon which a hearing is necessary, despite the remaining portions of the allegations and contentions advanced. They are treated as mere surplusage when it is realized that the Court only has authority to review errors of law made by the Commissioner. See Rule 4(6), Rules of Procedure for Trials Before Commissioners. No

---

1. Petitioner was arrested at the Marine Corps Exchange Soda Shop, Camp Geiger; a portion of the Camp Lejeune military reservation, having entered thereon by the use of an expired civilian identification card.

errors of law appear herein which would warrant a change in petitioner's status.

### ORDER

Therefore, it is ordered that the petition for a writ of coram nobis be, and the same is hereby denied.

It is further ordered that the respondent's prayer for dismissal be, and the same is hereby allowed.

It is further ordered that the Clerk serve a copy of this Order upon all counsel of record.